## SIMMONS et al. *vs.* PUTNAM.

### APPEAL FROM CIRCUIT COURT, KENOSHA COUNTY.

Heard March 14.]                                    [Decided June 4, 1860.

### *Contract—New Trial.*

Where a contract has been rescinded, money paid on it, may be recovered back, but
    if the contract is still open and in force, an action for money had and received
    will not lie to recover back the consideration paid, but a remedy by action for
    damages lies for the breach.

Where a defendant had contracted to enter and locate lands for the plaintiffs, and to
    go upon and examine the lands before entry, part of which he had done, but had
    entered some lands which he had not examined, and the plaintiffs had paid the
    consideration agreed upon, and having brought an action to recover the amount
    paid, the court instructed the jury that the plaintiffs were entitled to recover
    back the amount it would be worth to do the part of the work omitted by the
    defendant: Held, that this instruction was erroneous, and there must be a new
    trial.

This was an action commenced by Rouse Simmons and
Samuel H. Sweet against James S. Putnam, in a justice's
court, to recover damages for the breach of a contract, and for
the amount paid upon it to the defendant.

The complaint charges, that, on the first day of April, A.
D., 1857, a verbal agreement was made between the plaintiffs
and defendant that the defendant should, for .the sum of
$287 50, enter, locate and survey certain lands for the plain-
tiffs, to go upon the lands and examine and survey them and
give a written description of each 40 acres to the plaintiffs, as
far as he would be able, and make good and judicious selec-
tions of lands for the plaintiffs, and the plaintiffs aver that
they, at the time of the above agreement, paid to the defend-
ant the sum of $287 50; and they further aver, that the de-
fendant did not survey said lands nor examine the same, nor
give a description thereof as aforesaid to the plaintiffs, nor did
he make good and judicious selections of lands for the plain-
tiffs, and the plaintiffs have been put to great costs to get the
lands located and surveyed.  To which complaint the defend-

Vol. XI.                    13

ant below put in a general denial, and also a counter claim for a note payable to himself four months from date, and dated April 11, 1859, signed by the plaintiffs, in the sum of $12 with interest at ten per cent. Judgment was given for the plaintiffs by the justice, and the defendant appealed to the circuit court of Kenosha county. Under the instructions of the court the jury found for the plaintiffs $85 52 damages, on which judgment was entered, and the defendant appealed. The other facts in the case will appear from the opinion of the court.

*J. B. Jilsun*, for the appellant.

*Webster & Schroff*, for the respondent, relied upon the following: *Raymond et al., vs. Bearnard*, 12 John., 275: *Beckett vs. Board*, id., 363; Sedgewick on Meas. of Dam., 219; 8 Blackf., 215; 3 Pick., 22; 5 John., 87; 7 id., 132.

*By the Court*, PAINE, J. We think this judgment must be reversed for the reason that the judge instructed the jury, that it was "an action to' recover back the price paid by the plaintiffs in a contract to enter and locate lands for the plaintiffs, and that if they found that the defendant went on and did a part of the work, and did not do all he contracted to do, the plaintiffs were entitled to recover back the amount it would be worth to do the part omitted." The authorities cited by the respondent's counsel only show that where a contract has been rescinded, money paid on it may be recovered back. This has been settled ever since the case of *Towers vs. Bassett*, 1 T. R., 133. But it is equally well settled, and the same authorities show it, that if the contract is not rescinded, but remains open and in force, an action for money had and received, would not lie to recover back the consideration paid, but the remedy was an action for damages.

It was very evident that here the contract was not rescinded. The defendant entered the lands for the plaintiffs, brought them the certificates and they received them. If he did not do all he was required to' do, they were entitled to recover

damages for his *non* or *mal*-performance, but not to sue to recover back the consideration or any part of it.

The only doubt we have had was, whether we could consider the action as properly brought to recover damages, and that the rule of damages was substantially given by the language used, although somewhat inaccurate in describing the action. We think the complaint might be thus regarded, as stating the facts sufficiently to authorize a recovery of damages, but we do not think the instruction of the court can be construed into a correct statement of the rule of damages upon such a complaint. It was averred that the defendant agreed to go upon and survey the lands so as to make good and judicious selections, and that he did not go upon the lands, nor make such selections, &c. Now, if the lands actually entered by the defendant were of the best quality, even though he did not examine them as he agreed to, upon this branch of the case, the plaintiffs were not damaged. And therefore, would not be entitled to recover what it would cost to send a man to look at and examine the lands, that being the thing which the defendant had omitted. On the other hand, if the complaint was true, that by reason of not entering upon and examing the lands as he had agreed, the defendant ant entered inferior, or worthless lands, it is obvious that the instruction given would not be a proper rule of damages, for the plaintiffs would be entitled to recover their whole loss by reason of the entering of such inferior lands.

Upon the other point, that the defendant had neglected to furnish the written descriptions, the charge as given would amount more nearly to a correct rule of damages; that is, that the plaintiffs would be entitled to recover what it would cost to procure those descriptions. But it was not limited to that branch, but was given generally as applicable to the whole case. And it is impossible to tell what considerations the jury may have acted on, under such a charge, in making up

their verdict. We may be satisfied from the evidence that they would have been warranted, under a proper rule of damages, to have found as great, or even a greater sum than they did. But we do not suppose that is a sufficient ground for leaving the judgment to stand. If it has been submitted to the jury under an improper charge as to the rule of damages, we must reverse it, and not substitute ourselves for the jury and say that the verdict would have been warranted under a proper rule.

The judgment is reversed with costs, and the cause remanded for a new trial.