| 65 | 543 |
| 76 | 538 |
| 65 | 543 |
| 81 | 412 |
| 65 | 543 |
| 100 | 228 |

LANYON and another, Appellants, vs. WOODWARD, Respondent.

*March 1 — March 16, 1886.*

*Replevin: Costs: Appeal to S. C.:* Res adjudicata.

1. In an action of replevin the trial court found that the plaintiff was entitled to a portion only of the property, and rendered judgment in his favor for the part belonging to him, and against him for the value of the share belonging to the defendant, which had been delivered to and disposed of by the plaintiff. Costs were awarded to the plaintiff but not to the defendant. On appeal to this court the judgment was reversed on the ground that the defendant had not been awarded sufficient damages for his share which had been delivered to and disposed of by the plaintiff. The allowance of costs to the plaintiff was assigned as error on such appeal, but it was not alluded to in the brief of the plaintiff, nor was it discussed on the argument or passed upon by this court. *Held,* that the question of the allowance of costs to the plaintiff upon a new trial was not *res adjudicata.*

2. If in replevin the property has been delivered to the plaintiff and retained or disposed of by him, and on the trial it is found that each party is the owner of a portion of the property of greater value than $50, costs should be awarded to each.

3. Where in such a case no costs are awarded to either, the judgment will not be disturbed if this court is unable to say that either party is prejudiced thereby, such failure to award costs being virtually an offset of the costs of one party against those of the other.

APPEAL from the Circuit Court for *Grant* County.

The facts are stated in the opinion.

The cause was submitted for the appellants on the brief of *Lanyon & Spensley*, and for the respondents on that of *Carter & Cleary*.

TAYLOR, J. This is an action of replevin, brought by the appellants against the respondent for about 206 bushels of flaxseed. In the action the seed was taken by the sheriff and delivered to the plaintiffs, the appellants. The defendant answered, claiming the property as his, and asking a return of the same. The case was tried by the court without a jury, and on such trial the court found that the plaintiffs were entitled to 83 42-56 bushels of said seed, and that the defendant was entitled to 122 46-56 bushels. The plaintiffs had judgment for the 83 42-56 bushels, and the defendant had judgment in his favor for the value as found by the court for the 122 46-56 bushels; and, as it appeared on the trial the plaintiffs had disposed of the seed so that a return could not be had, an absolute judgment was rendered in favor of the defendant against the plaintiffs for the value of the said 122 46-56 bushels. Judgment was entered in the case giving the plaintiffs the cost of the action, and no costs were awarded to the defendant. From that judgment an appeal was taken to this court, and, after a hearing in this court, the judgment of the circuit court was reversed on the ground that the circuit court had not awarded the defendant a sufficient sum for the value of the 122 46-56 bushels of seed which belonged to the defendant, and which the plaintiffs had wrongfully taken from him; and the cause was remitted, directing judgment to be rendered in accordance

with the opinion in this court. [55 Wis. 652.] The case was remitted to the circuit court, and judgment was finally entered in favor of the plaintiffs as to the 83 42-56 bushels, and in favor of the defendant for the value of the 122 46-56 bushels, but without costs of the action to either party. From this judgment the plaintiffs appeal to this court, and allege as error that judgment was not entered in their favor for their costs of the action.

The learned counsel for the appellants claim that judgment should have been given them for their costs of the action upon two grounds: (1) Because it was determined by this court on the former appeal that they were entitled to such costs, and it is therefore *res adjudicata* in this case that they are entitled to such costs, whether rightfully or wrongfully awarded to them; and (2) that under the statute in regard to costs they are entitled to have them awarded to them.

It is said that on the former appeal it was alleged as error that costs were awarded to the plaintiffs, and that as this court was silent on the subject of costs, and only reversed the judgment, so far as appears from the opinion, because the court did not award sufficient damages to the defendant for the value of the seed which the court found he owned, it must be held that the judgment was affirmed in all other respects, under the order remitting the case to the circuit court. I find, from an examination of the briefs on the former appeal, that it does appear that the appellant assigned as a fifth error that judgment for costs was awarded to the plaintiffs; and I further find that the question of costs was not alluded to in the brief of the respondents on that appeal (the appellants now), and that the only allusion made to the subject of the costs by the appellant on that appeal was that judgment upon the whole case should have been rendered in his favor, with costs.

The question as to who should recover costs in an action

of replevin, when it is found on the trial that a portion of the goods replevied are owned by the plaintiffs and another portion by the defendant, was not alluded to in any way on the hearing of the former appeal. As the question of costs is not a matter in issue on the trial of an action, and as the question as to who was entitled to the costs of this action was not discussed in this court on the former appeal, and was not in fact passed upon by this court, we are inclined to hold that that question has not been adjudicated by this court in favor of the appellants, and that the question is still open in this case for its determination.

Upon the merits of this question the appellants claim that the statute regulating costs is conclusive as to the right of the plaintiffs to recover them in this action; and they rely upon sec. 2918, R. S., which reads as follows: " Costs shall be allowed, of course, to the plaintiff in an action in the circuit court upon a recovery in the following cases, except when otherwise specially provided by law." Subd. 2 says the plaintiff shall recover costs " in an action to recover personal property, when the value of the property recovered is fifty dollars or more." Sec. 2920 reads as follows: " Costs shall be allowed, of course, to the defendant in the actions mentioned in the two preceding sections, unless the plaintiff be entitled to the costs therein; but when there are several defendants not united in interest, and making separate defense by separate answers, and the plaintiff recovers against one or more, but not all of such defendants, the court may award costs to such of the defendants as have judgment in their favor, or to any of them."

The learned counsel for the appellants insists that under these provisions it is clear the plaintiffs are entitled to costs. The action is for the recovery of personal property, and they recovered property exceeding in value the sum of $50; and as under said subd. 2, above quoted, the appellants are entitled to recover costs, no costs can be awarded to the

defendants under the provisions of sec. 2920, above quoted. It is insisted that it is no answer to their contention that the rule fixed by the statute may work injustice in an action of replevin, when the defendant in fact recovers, or has a judgment in his favor, for the most valuable part of the property replevied in the action. The statute having fixed the right of the plaintiffs to recover their costs in this action, the court cannot, without usurping legislative authority, say that they shall not recover such costs.

The position of the appellants is apparently sound, and we shall not undertake to qualify it so far as their right is concerned. But we are of the opinion that notwithstanding the provisions of secs. 2918, 2920, above quoted, the defendant in an action of replevin may also be treated as a plaintiff in the action so far as he claims a return of the property replevied, or some part of it, in his answer; and that if he prevails, in whole or in part, upon such answer, he may also recover such part of his costs as he has incurred in sustaining that part of his answer. In replevin, when the property is seized and delivered into the possession of the plaintiff, the defendant, if he sets up title to the property, or the right to the possession of the same, as against the plaintiff, becomes a plaintiff, and is the actor in establishing his claim. If by the final judgment of the court he is declared entitled to such property, or to any part of it, as to that he obtains a judgment against the plaintiff for the return of the property, or for the value thereof, with damages. Although the statute does not expressly provide for judgment in favor of the plaintiff for a part of the property, and at the same time for a judgment in favor of the defendant for another part, if the evidence shows that the plaintiff has the right to but a part of the property delivered to him by the writ, and that the defendant has right to the remainder, it does so in substance, and it is the every-day practice of the circuit courts to render such judgments,

and no one has questioned the power of the courts to do so. It was done so in the case at bar, and no one makes complaint on that ground.

Sec. 2859, R. S., provides, in regard to the form of the verdict of the jury, that "in an action of replevin, if the property have not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if the verdict be in favor of the plaintiff, or if they find in favor of the defendant that he is entitled to a return thereof, and may at the same time assess the damages, if they are claimed by the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property." And sec. 2888, R. S., provides that "in an action of replevin judgment may be for the possession, or for the recovery of the possession, of the property, or the value thereof in case a delivery cannot be had, and of damages for the detention; and when the property shall have been delivered to the defendant under section 2722, judgment may be as aforesaid, or absolutely for the value thereof, and damages for the detention, at the plaintiff's option. If the property have been delivered to the plaintiff, and a defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had, and damages for taking and withholding the same." See, also, as bearing upon this subject, sec. 2883, R. S., as to the power of the court to give judgment in favor of one or more defendants and against other defendants.

Under these statutes it has always been held to be competent, and even necessary to a complete termination of the action, in case the property has been delivered to the plaintiff and the defendant by his answer claims a return thereof, and the jury find that a part of the property so replevied and delivered to the plaintiff belongs to the plaint-

iff, and that another part belongs to the defendant, that the value of each part shall be found by the jury, and that they shall assess the damages of the plaintiff for the part found to belong to him, and shall also assess the damages due to the defendant by the taking and withholding of that part found to belong to him, and the judgment must be entered in favor of each party in accordance with the verdict. The question whether, in entering up such a judgment, partly in favor of the plaintiff and partly in favor of the defendant, costs may be awarded to the defendant upon the judgment entered in his favor, does not seem to have been passed upon by this court.

In New York, previous to the enactment of the Code, it was held that when the defendant in replevin by his plea claimed the property and justified the taking complained of by the plaintiff, he assumed the attitude of a plaintiff, and could recover costs if he had judgment in his favor for a part of the property taken by the writ; and especially was that so if the value of the part he had judgment for would have entitled him to costs had he been plaintiff in an action to recover the same. *Small v. Bixley,* 18 Wend. 514; *Seymour v. Billings,* 12 Wend. 285; *Johnson v. Fellows,* 6 Hill, 353. The same ruling has been made in the courts of that state since the enactment of the Code and of a statute in regard to costs in all respects like our statute above quoted. See Voorhies' Code, 1871, pp. 487–491; *Porter v. Willet,* 14 Abb. Pr. 319; *Summers v. Jarvis,* 14 Abb. Pr. 322; *Hull v. Halsted,* 1 How. Pr. 174; 3 Wait's Pr. 464.

The New York courts, in adopting the rule that both parties may recover costs in an action of replevin under the Code, when each party prevails as to a part of the property taken and delivered to the plaintiff, place some stress upon other provisions of their statute, which it is claimed were not repealed by the new law declaring when the parties should recover costs; but the main ground, and we think

the true ground, upon which the right is based is that both parties are actors, and the defendant in replevin, when he justifies and demands a return of the property taken by the plaintiff, is, as to the issue raised by that answer, the real plaintiff, and if he succeeds he gets a judgment for relief in his favor as much so as he would in any other action upon a defense by way of counterclaim. It is in the nature of a counterclaim, in an action for a tort, allowed by law; and if the same rule could be applied to the case as in an action upon contract, when the defendant recovered in replevin property of more value than that recovered by the plaintiff, he would be entitled to the costs of the action and the plaintiff would not be entitled to recover any costs. But as the statute has declared that he may recover costs in such action when he recovers property of the value of $50 or more, we cannot say that he shall not recover costs because the defendant in the same action recovers property of him which he has wrongfully taken by his writ in the action. While we cannot deprive the plaintiff of his costs, we think the defendant may also recover costs in the same action, on his recovery from the plaintiff.

We do not wish to be understood as holding that the defendant in replevin can recover costs in an action when there is a verdict finding in favor of the plaintiff as to a part of the property claimed by the plaintiff, and in favor of the defendant as to the remainder of the property, in any case except when the property has been taken and delivered to and retained by the plaintiff under the writ issued in the case. Nor do we determine that the defendant would, in any case, be entitled to costs in case the value of the property to which the court finds he is entitled is less than $50.

As we hold that the plaintiff and defendant were both entitled to recover their costs of this action, and as the judgment does not award costs to either, we are unable to

say that either party is prejudiced by the omission to award costs. If awarded, the court would undoubtedly have the power to offset the costs of the plaintiff against those of the defendant, and that was substantially done by not awarding costs to either.

*By the Court.*— The judgment of the circuit court is affirmed.