STELTING, Respondent, vs. BANK OF SPARTA, Appellant.

*September 10—September 29, 1908.*

*Vendor and purchaser: Fraud or mistake of vendor's agent: Pointing out wrong land: Rescission.*

Where a person employed to procure a purchaser for land points out the wrong land to intending purchasers, whether by fraud or by mistake, and they purchase in the belief that they are getting the land shown, the consideration paid may be recovered, although the vendor did not know, when it was paid, that the agent had shown the wrong land.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge.   *Affirmed.*

Action in equity to rescind a contract for the purchase of real estate in McLean county, North Dakota.

Issues were formed covering the matters referred to in the findings which are to the following effect:

April 10, 1906, defendant, through its agent W. G. Bartlett, pointed out and represented to W. H. Stelting, plaintiff's husband and who was acting for her, land in the state of North Dakota as section 11, township 146, range 84 west, as land belonging to defendant which it proposed to sell to plaintiff.   Stelting and plaintiff relying thereon made the contract in question with defendant.   As part consideration for the purchase plaintiff delivered to defendant a conveyance of a house and lot in Sparta, described in the complaint, of the reasonable value of $3,000, on the faith of such representations.   The Dakota land so pointed out was the south one-half of section 2 and the north one-half of section 11, town 146, range 84 west, and was of greater value than section 11.   Defendant ratified the acts of its agent by receiving and retaining the benefits of the contract.   Immediately upon such contract being made, plaintiff and her husband visited the Dakota land and learned that the same was not section 11 which defendant owned.   It did not own the south half of section 2.   Immediately after so obtaining knowledge of the facts she notified defendant thereof and demanded a rescission of the contract and return of the consideration paid thereon, and before this action was commenced tendered defendant a full relinquishment of all interest in such contract.   Defendant refused to receive such relinquishment or return such consideration.   Plaintiff expended $300 by reason of the false representations aforesaid.   Defendant paid for taxes and improvements on the lot conveyed to it $94.31.

Upon such facts the court reached the conclusion that plaintiff was entitled to judgment canceling the contract, re-

quiring a reconveyance of the land conveyed to defendant as aforesaid and nullifying the deed and record thereof, and for costs and disbursements of the action, upon condition of plaintiff paying into court for defendant's benefit $94.31. Judgment was rendered accordingly, and the defendant appealed.

For the appellant there was a brief by *Masters, Graves & Masters* and *Howard Teasdale,* and oral argument by *R. B. Graves.*

For the respondent there was a brief by *Higbee & Higbee,* and oral argument by *E. C. Higbee.*

MARSHALL, J.   The evidence shows, quite clearly, that appellant employed Bartlett to procure a purchaser for its Dakota land; that pursuant thereto he assumed to point out the land to plaintiff's representative; that relying thereon the contract sought to be annulled was made, and that neither party thereto, at the time thereof, knew but that the right land had been in fact shown to such representative.

Bartlett's employment undoubtedly included authority to do the things ordinarily done in such cases to procure a purchaser for the property (*Arnold v. Nat. Bank,* 126 Wis. 362, 105 N. W. 828), and whether by fraud or mistake he pointed out the wrong land, upon the contract being made on the faith of his act the mistake or fraud became in effect that of the defendant.   The law in that regard has been stated over and over again by this court.   The rule as phrased in the syllabus to *McKinnon v. Vollmar,* 75 Wis. 82, 43 N. W. 800, has been so many times applied as to be regarded as elementary.

"Where the wrong land is pointed out to intending purchasers, whether intentionally or not, by an agent of the vendors, and the purchase is made in the belief that the land purchased was shown, the consideration paid may be recovered, although the vendors did not know, when it was paid, that the wrong land had been shown."

See, also, *Gunther v. Ullrich,* 82 Wis. 222, 52 N. W. 88; *Fintel v. Cook,* 88 Wis. 485, 487, 60 N. W. 788; *Zunker v. Kuehn,* 113 Wis. 421, 88 N. W. 605; *Fraser v. Ætna L. Ins. Co.* 114 Wis. 510, 90 N. W. 476.

Aside from the matter of law above referred to, there are presented only questions as to whether the findings are supported by the evidence. The record in that regard has been carefully examined and the conclusion reached that such findings are not contrary to the clear preponderance of the evidence in any material particular. Therefore under the rule governing the subject they cannot be disturbed.

*By the Court.*—The judgment is affirmed.