Noble v. Libby, 144 Wis. 632.

NOBLE, Respondent, vs. LIBBY, Appellant.

*January 10—January 31, 1911.*

*Appeal: Issues: Nature of action: Deceit: Money had and received: Contracts for services: Skill and diligence: Mistakes: Breach: Damages.*

1. Notwithstanding confusion and uncertainty in the pleadings, evidence, and instructions, this court will search the record and if a right of recovery upon any ground appears to exist will permit plaintiff to assert it and the defendant to interpose any defense he may have.

2. One who contracts to render services requiring skill and diligence impliedly undertakes that he possesses the requisite skill and that he will serve faithfully and diligently, but there is no implied agreement that he will commit no errors.

3. Where there has been no fraud, actual or constructive, and where no money of the employer of any ascertainable amount has come into the hands of the employee, there is no legal liability of the latter for deceit or for money had and received, although there may have been a breach of the contract of service in that the employee did not serve faithfully or with the requisite skill and diligence.

4. Where defendant was employed by plaintiff to aid in locating certain valuable timber lands and entering them by proper description under the Stone and Timber Act (20 U. S. Stats. at

Large, ch. 151, p. 89), and through defendant's failure to exer-
cise the requisite skill and diligence plaintiff failed to enter the
lands intended, plaintiff is not necessarily entitled to recover
the whole amount which he paid out to a third person for in-
forming him of the existence of said lands and for pointing
them out.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Gruenewald, Jack-
son & Gruenewald,* and oral argument by *W. F. Gruenewald*
and *H. B. Jackson.*

For the respondent there was a brief by *B. E. Van Keuren,*
attorney, and *Charles H. Forward,* of counsel, and oral argu-
ment by *Mr. Van Keuren.*

TIMLIN, J.    It might be said of this case, "Confusion here
hath found its masterpiece."    From the drafting of the com-
plaint through the trial in the court below up to the final ar-
gument in this court such uncertainty exists that the counsel
for plaintiff and respondent is unable to state the nature of the
action, insisting that it may be an action for money had and
received, an action at law to recover damages for breach of
contract, or an action in equity; while the trial court at the
opening of the trial first declared it an action in tort, after
the trial had made considerable progress declared he did not
know whether it was an action in tort or upon contract, and
at the close of the evidence of the plaintiff on motion for non-
suit ruled as follows:

"Yesterday I was inclined to think, after reading it only
once, that it was an action in tort.    Today I do not find a
single allegation in it that is characteristic of an action *ex
delicto.*    I am clearly of the opinion now that the complaint
is upon implied contract."

But later on he instructed the jury as follows:

"In this case there is really but one question for you to de-
termine: Did the plaintiff rely entirely upon the defendant in
the selection and entry of the lands in question?"

At request of plaintiff he instructed:

"If the representations made by the defendant to the plaintiff were material and false, and the plaintiff did not know, or have present means of knowing, that they were false, and the plaintiff relied upon them as being true, and the defendant knew this, and the plaintiff suffered damages thereby, it is immaterial whether the defendant made the representations wilfully or intentionally or not; for he had no right to make even a mistake in facts so material to the contract, except under the penalty of responding in damages."

He also at request of defendant instructed the jury as follows:

"The plaintiff in this action cannot recover anything from the defendant unless you find that the defendant, or his agent, made false representations to the plaintiff.    The plaintiff cannot recover in this action unless you find he actually relied upon the false representations of fact made by this defendant. The plaintiff cannot recover in this action unless you find that because of the defendant's misrepresentations, or those of his agent, the plaintiff parted with his money.    To entitle the plaintiff to recover in this action, it must at least be shown from the evidence that the plaintiff has paid something to the defendant, or his agent, which in equity and good conscience he ought to return.    There is in this case no question of fraud on the part of the defendant.    Plaintiff does not complain or charge the defendant himself with any fraud or deceit in this case.    Unless the proof shows to your satisfaction that the defendant, or his agent, made some false representations to the plaintiff upon which the plaintiff relied, and had a right to rely upon under other instructions given the jury, the plaintiff cannot recover in this action."

He also told the jury if they found for the plaintiff they must assess the damages at $350.    Notwithstanding this confusion we are to search the pleadings and evidence, and, if a right of recovery upon any ground exists, permit the plaintiff to assert that right and the defendant to interpose against such assertion any legitimate defense he may have.    The plaintiff as a witness acquitted the defendant of any fraud in

the matter.   His testimony showed that he paid no money to the defendant, so that the right of recovery for deceit and that of recovery for money had and received both dropped out of the case, the former because there was no intentional deceit and the latter because the plaintiff had paid the defendant no money.

But it is contended that the judgment may be supported as a judgment for damages for breach of contract.   The charge above quoted would be quite erroneous in such an action. The only contract which the evidence in any wise tends to support is a contract of service; that is to say, the defendant should perform services for the plaintiff in aiding the latter to locate government land.   The evidence is quite weak and unsatisfactory with reference to any contract of employment, but there may be enough to take the case to the jury on this ground.   This evidence tends to show that the defendant, answering a newspaper advertisement, was directed to one Taylor, with whom he had no previous acquaintance.   Taylor professed to know of valuable timber lands which might be entered under the so-called Stone and Timber Act.   The defendant undertook, without any express agreement for compensation, to aid the plaintiff in locating some government land under this act.   The plaintiff informed the defendant that he, plaintiff, was ignorant of the business of locating lands and knew nothing about timber claims or about the surveyor's marks and was dependent absolutely upon the defendant.   Defendant replied that he was not a timber estimator but did understand surveyors' marks, and would see that plaintiff was not deceived in his location.   After examining some land shown to them by Taylor and what appeared to be marks of the government surveyor on trees, all parties went to the office of the register.   Here, after some doubt on the part of defendant and some examination and discussion, defendant represented that the land which had been examined by plaintiff, defendant, and others and pointed out to them by

Taylor was covered by the description in question. It was understood that Taylor would be paid $350 for disclosing his knowledge of the existence and location of such valuable lands open to entry and for pointing them out, and defendant should get his pay from Taylor. Defendant afterward admitted that Taylor had paid him. But how much was not shown. After Taylor had shown plaintiff and defendant some desirable land and what purported to be government marks for the section corners, all parties returned to the register's office, and the plaintiff filed a declaration entitling him to publish that on a given day he would apply to purchase this tract under the act of Congress in question. It was here that the $350 was paid to Taylor with the knowledge and in the presence of the defendant. It does not appear whether the marks on the witness trees were spurious or were incorrectly read by Taylor or whether they conformed or failed to conform to the land declared upon. The answer admits that the land so shown to the plaintiff was not the land declared upon by the plaintiff at the land office. But the declaration preliminary to entry was filed and covered in fact land subject to such entry. The plaintiff never went to see this land last mentioned, never followed up the proceedings or obtained any title thereto, and there is no evidence of the value of the vacant government land described in plaintiff's declaration filed with the register. There is no evidence whether it was near to or remote from the land pointed out. Defendant concedes all these facts, but denies that he was employed by the plaintiff and that he made any misrepresentations, his version being that he assisted the plaintiff as a matter of courtesy or friendship to a neighbor or to another Wisconsin man in the West, and that he too was deceived, and that the most he said was that he believed the lands filed upon were identical with those examined.

This case is very like *Simmons v. Putnam,* 11 Wis. 193, where there was a contract binding the defendant to go upon

and survey lands of the United States about to be entered by the plaintiff and make good and judicious selections, and the breach averred was that the defendant did not do so, but selected inferior lands.    The measure of damages in such case is the loss sustained by plaintiff by reason of entering such inferior lands.    If the lands actually entered were of the quality agreed, the plaintiff was not damaged even though defendant did not examine the lands.    But the plaintiff for breach of such contract might not necessarily recover the whole amount paid out by him, as directed in the instant case by the instructions to the jury.    *McKinnon v. Vollmar,* 75 Wis. 82, 43 N. W. 800, is not in point because that was an action to recover from the vendors upon rescission the purchase money paid to the vendor and the form of the action was money had and received.    There is, however, if we are to credit plaintiff's testimony, in the case at bar an element of breach of contract additional to those existing in *Simmons v. Putnam, supra,* consisting of failure to locate the plaintiff upon the particular land shown to him by Taylor and selected by plaintiff for location.    The general rule of law with reference to contracts of this kind is as follows:

"Whoever bargains to render services for another undertakes for good faith and integrity, but he does not agree that he will commit no errors.    For negligence, bad faith, or dishonesty he would be liable to his employer, but, if he is guilty of neither of these, the master or employer must submit to such incidental losses as may occur in the course of the employment, because these are incident to all avocations, and no one, by any implication of law, ever undertakes to protect another against them." *Nelson v. C., M. & St. P. R. Co.* 60 Wis. 320, 326, 19 N. W. 52, quoting from *Page v. Wells,* 37 Mich. 415; 26 Cyc. 969, 970.

If, however, the servant contracts for particular or extraordinary skill or ability in the line of work, he must satisfy the contract, and a higher degree of diligence and skill will be required of him.    *Wenger v. Marty,* 135 Wis. 408, 116 N. W. 7.

"One who accepts employment to perform skilled labor impliedly undertakes that he possesses the requisite skill." *Norris v. Cargill,* 57 Wis. 251, 15 N. W. 148.

There may also be a fraudulent breach of the contract of service, as is shown by the rule that the employee owes to his employer the duty to serve him honestly and in good faith. This ground of liability is perhaps what the plaintiff was aiming at and more nearly fits the evidence in the case and the charges in the complaint than any other. It must be manifest that the real questions in the case, viz.: whether there was a contract of employment, whether the defendant faithfully and in good faith performed within the foregoing rules, and if he did not what was the amount of plaintiff's damages, were not properly submitted to or passed upon by the jury.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.