KNUDSON and another, Appellants, vs. GEORGE, Respondent.

*May 21—June 17, 1914.*

*False representations: Inducing purchase of land: Joint adventur-*
*ers: Duty of one to another: Skilled woodsman: Negligence in*
*locating land: Damages: Appeal: Discretionary powers of su-*
*preme court.*

1. When a person induces another to purchase land by making
   materially false representations as to its quality or quantity
   under circumstances which entitle the vendee to rely thereon,
   the vendee may rescind the contract and recover the purchase
   money, or may affirm the sale and recover the damages which
   he sustains; and this he may do whether the representations
   were made fraudulently or merely negligently.
2. A woodsman and cruiser who induced other persons to buy cer-
   tain land as a joint adventure with him, they furnishing the
   money and he receiving a one-third interest in the land, owed
   to them a duty, not merely to exercise good faith and ordinary
   care in locating the land to be purchased, but to exercise that
   higher degree of diligence and skill which a woodsman of his
   supposed skill ordinarily exercises under like circumstances;
   and if by failing to perform that duty he misled them as to
   the land they were getting, they are entitled to recover from
   him their damages, consisting of the difference between the
   value of the land actually bought and that which he led them
   to believe they were buying.
3. Where, on appeal to the supreme court, it appears that "the real
   controversy has not been fully tried" or that justice has mis-
   carried, that court may, under sec. 2405m, Stats., give relief
   regardless of the failure to take proper exceptions or frame
   proper pleadings, and may direct such procedure in the trial
   court as shall be deemed necessary to accomplish the ends of
   justice.

APPEAL from a judgment of the circuit court for Barron
county: FRANK A. ROSS, Circuit Judge. *Reversed.*

This is an action to recover damages because of false and
fraudulent representations in the sale of 160 acres of land
alleged to have been sold by the defendant to the plaintiffs.
A trial was had before the court and a jury, and it appeared

that in August, 1909, the defendant (who was a woodsman
and cruiser) suggested to the plaintiffs that a good invest-
ment could be made by purchasing a certain 160 acres of land
at $5 an acre, and also suggested that the plaintiffs should
furnish the money to buy it, they taking a two-thirds inter-
est and he a one-third interest. The parties went to see the
land. By mistake they inspected the wrong quarter-section.
The plaintiffs claim that defendant pointed out the land to
them and was solely responsible for the mistake. The de-
fendant claims that they took a map and all three acted in
locating the land from the map, and that there was an error in
the location of a highway on the map, which error caused the
mistake. In any event a mistake was made, and the parties
examined a valuable and well-wooded quarter-section, while
the quarter-section which was in fact for sale was on the other
side of the highway and was rough and rocky. After the ex-
amination the plaintiffs agreed to defendant's proposition and
furnished the defendant $400 with which to make the first
payment, and afterwards furnished $400 more to complete
the purchase. The defendant procured a deed of the less
valuable parcel from the owners (who lived in St. Paul) and
deeded an undivided two-thirds to the plaintiffs. The mis-
take was not discovered by either party for more than a year.
In December, 1910, the plaintiffs purchased of the defendant
his undivided one-third for $154.50. Some time after this
sale the mistake was discovered and this action was brought,
claiming that the defendant fraudulently showed the plaint-
iffs the wrong lands. The trial court submitted to the jury
a special verdict composed of two questions: (1) What was
the value of the land actually conveyed at the date of the
conveyance, viz. September 22, 1909? and (2) What was the
value of the lands which the parties looked over at that time?
In answer to the first question the jury said $400, and to the
second question $1,200. Neither party asked for the sub-
mission of any other questions. The plaintiffs moved to

change the answer to the second question from $1,200 to $1,920, and, in case the motion was denied, for a new trial. Neither motion was granted. Subsequently the trial judge made findings of fact to the effect that the defendant did not agree to sell the lands to the plaintiffs, but that plaintiffs and defendant purchased the lands from the owners as a joint adventure; that by mistake honestly made, resulting from an erroneous map, the defendant misled the plaintiffs into the mistaken purchase; that the lands actually purchased were of materially less value than the lands which the parties looked over; and that at the time of the purchase by the plaintiffs of the defendant's undivided one-third the parties were still in ignorance of the mistake. Upon these findings the trial court dismissed the complaint. No exceptions were taken to the findings. The plaintiffs appeal.

For the appellants there was a brief by *Larson & Gilbertson,* and oral argument by *A. S. Larson.*

For the respondent the cause was submitted on a brief signed by *Clarence C. Coe* and *Arthur E. Coe.*

WINSLOW, C. J.    When a person induces another to purchase land by making materially false representations as to its quality or quantity under circumstances which entitle the vendee to rely thereon, the vendee may rescind the contract and recover the purchase money or may affirm the sale and recover the damages which he sustains. *Baker v. Becker,* 153 Wis. 369, 141 N. W. 304, and cases cited. And this he may do whether the representations were made fraudulently or merely negligently. *Miner v. Medbury,* 6 Wis. 295; *McKinnon v. Vollmar,* 75 Wis. 82, 43 N. W. 800; *Kathan v. Comstock,* 140 Wis. 427, 122 N. W. 1044; *Stelting v. Bank of Sparta,* 136 Wis. 369, 117 N. W. 798.

The complaint charged a sale of the land by the defendant to the plaintiffs, and had this been proven doubtless the principle above stated would have applied and the plaintiffs

would have been entitled to recover, but the court found that the transaction was in fact a joint adventure in which all the parties embarked for mutual gain.    This was the nature of the transaction as claimed in the answer, and the evidence in support of this finding is quite satisfactory, if not substantially undisputed.    In any event the plaintiffs are in no situation to complain of it now, for they did not ask the court to submit the question to the jury, nor did they except to the finding of the court.

Joint adventurers owe each other practically the same duties as partners.    *Marston v. Gould,* 69 N. Y. 220; 23 Cyc. 453.    Partners owe each other the exercise of good faith and ordinary care and prudence, and if loss occurs by the conduct of one partner the loss falls on the firm unless there has been default by that partner in the performance of one or both of those duties.    *Carlin v. Donegan,* 15 Kan. 495; *Bohrer v. Drake,* 33 Minn. 408, 23 N. W. 840; 1 Lindley, Partn. (2d Am. ed.) 386.

The situation of a partner or joint adventurer is quite analogous to the situation of one who contracts to render services to another.    He contracts for good faith and integrity, but not that he will commit no errors.    For negligence, fraud, and dishonesty he is liable, but not for nonnegligent mistakes. If he contracts for a particular or extraordinary degree of skill or expertness, a higher degree of diligence and skill will be required of him.    *Noble v. Libby,* 144 Wis. 632, 129 N. W. 791.    It follows that the defendant ought not to have been discharged from liability simply because he was not guilty of fraud or bad faith.    As a joint adventurer and one claiming superior skill in the locating of land he owed his colleagues the exercise not only of care but of a higher degree of skill than the ordinary man, namely, that degree which would be and ordinarily is exercised by persons skilled in the business under similar circumstances.    The question whether the defendant fully discharged this duty has never

been tried or decided in this case.    It is true that no request was made that the question be submitted to the jury or passed upon by the court, and it is also true that the point is not made by the appellant in his brief on this appeal.    This court is not now fettered by any such omissions.    If it appears to the court from the record that "the real controversy has not been fully tried" or that justice has miscarried, this court may give relief regardless of the failure to take proper exceptions or frame proper pleadings.    Sec. 2405m, Stats. In this case there were really two serious questions on the merits, viz.: (1) Was the defendant guilty of fraud or bad faith in showing the plaintiffs the wrong piece of land? (2) If not, then did he fail to exercise that degree of diligence and skill in locating the land that a woodsman of his supposed skill ordinarily exercises under like circumstances? The first of these questions has been tried and decided without error, and the conclusion is deemed to be amply supported by the evidence.    That issue will not again be opened, but the second question has never been tried, and it seems to the court that as to this question the case falls squarely within sec. 2405m, supra.    It will not be necessary to amend the pleadings.    The question suggested is very simple and may be determined by the trial court without a jury upon the evidence already taken on the first trial, and such additional testimony relevant to that question as the parties may produce. If it be found by the court upon the trial of this question that the defendant was negligent in locating the tract under the principles laid down in this opinion, the plaintiffs will be entitled to recover their damages, which will be the difference between the value of the land actually purchased and the land which they were led to believe they were purchasing. *Gunther v. Ullrich,* 82 Wis. 222, 52 N. W. 88; *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406.    These sums have been already fixed by the verdict of the jury without material error, and the question will not need to be again tried.

If, on the other hand, the court shall find that the defendant was not negligent in locating the land, he will be entitled to dismissal of the complaint. ·

*By the Court.*—Judgment reversed, and action remanded for further proceedings in accordance with this opinion.