BEHLING, Respondent, vs. POSORSKE, Appellant.

*October 21—November 16, 1920.*

*Replevin: Failure of sheriff to file papers: Trial: Motion for directed verdict: Waiver of jury trial: Confusion of goods: Appeal: New trial on issue involving error.*

1. Where the jury in rendering a special verdict answered all except one question submitted to it, a motion to direct a verdict, made after such special verdict had been received, is not a waiver of the right to a jury trial as to such question.
2. In replevin the sheriff's failure to file plaintiff's papers within twenty days after taking the property as required by sec. 2728, Stats., is not ground for dismissal of the action, where defendant was not injured by the delay, such delay not operating to divest the court of jurisdiction.
3. In a replevin action to recover possession of forest products, where plaintiff's property had been wrongfully commingled with that of defendant because of a mistake as to the boundary line between the properties, defendant was entitled to a return of his property remaining after plaintiff's claim was satisfied, and upon inability to return such property was entitled to a judgment for its value without damages for its seizure under the writ of replevin.
4. Where it was stipulated that one of three boundary lines was the true line, and where all questions relating to damages

have been found by the jury, upon return of the record because of error the trial court should proceed to a jury trial as to the question of boundary only, unless the parties, in the exercise of the court's discretion, be relieved of their stipulation, in which event the matter of damages would be retried.

APPEAL from a judgment of the circuit court for Taylor county: G. N. RISJORD, Circuit Judge. *Reversed.*

Replevin. This action is brought to recover the possession of certain forest products cut and removed by the defendant from the plaintiff's land. There was a special verdict. In answer to the first question the court found facts which sustained the plaintiff's contention in regard to a disputed boundary; found that from the disputed strip the defendant had taken seven cords of pulp wood, 3,940 feet of logs, and seven and five-tenths cords of bark; that the sheriff seized thirteen and one-half cords of bark of the market value of $100, thirty-one cords of pulp wood of the market value of $144.65, and 10,000 feet of logs of the market value of $110.02. The value of the bark was fixed at $9.50 per cord, of the pulp wood at $4.66 per cord, and of the logs at $11 per thousand feet. It appeared that the products cut from the disputed strip were intermingled with others, the title to which was in the defendant, and that the value of the plaintiff's product was $181.53. That the total value of the product seized by the sheriff was $375.70. The plaintiff had judgment accordingly for six cents damages, $107.19 costs, and $181.53 damages, and there was found due to the defendant $194.17 on the theory that the property seized by the sheriff could not be returned to the defendant. From the judgment so entered the defendant appeals.

*E. H. Schweppe* of Medford, for the appellant.

For the respondent the cause was submitted on the brief of *Herman Leicht* of Medford.

ROSENBERRY, J. The defendant complains that the court erred in answering the first question submitted to the jury.

Upon the trial it appeared that there were three lines, the Logan, the Henry, and the Franzen line. The parties stipulated that one of these three lines was the correct line. After the case had been submitted to the jury, the jury came into court and announced that they had agreed upon the answer to all of the questions submitted excepting the first, which was: "What is the true line between the plaintiff's land and the northwest quarter of the southwest quarter and the southwest quarter of the northwest quarter of section 27, township 33 north, of range 1 east, the so-called Logan line, the Franzen line, or the Henry line?" It appearing that the jury had been unable to agree, the plaintiff moved the court that the court insert as the answer to the question, as a matter of law, the Henry line. The defendant thereupon moved the court to answer question No. 1, without waiving the rights to the jury's answer, the Franzen line. Upon these motions the court directed that question No. 1 be answered by inserting "the Henry line."

A careful review of the evidence convinces us that there was sufficient evidence which, if believed by the jury, would have sustained a finding, at least as to the Logan line. The motion to direct a verdict having been made after the verdict had been received, at least to the extent of reading that part of it relating to damages, we think there was no waiver of the right to a jury trial, and that therefore the court erred in answering question No. 1 as it did.

"Sec. 2728, Stats. The sheriff shall file the notice, affidavit and undertaking given by the plaintiff, with proof of service thereof, with the clerk of the court in which the action is pending, within twenty days after taking the property mentioned therein."

Defendant argues that the action should have been dismissed by reason of the failure of the sheriff to file the papers within the time limited. The failure of the sheriff to file the papers within the time required by sec. 2728 does not operate to divest the court of jurisdiction, which is the

only theory upon which the motion to dismiss could be sustained. It is not claimed that any injury resulted to the defendant or that he was in any way put to a disadvantage by reason of the omission of the sheriff. The papers were subsequently filed, and the defendant's motion to dismiss was properly denied.

In the replevin proceedings the plaintiff described his property as one pile of bark south of depot, six piles of pulp wood west of track, south of depot, two piles of logs north of mill, two piles of logs northeast of mill, all in the village of Chelsea, in said county. As before stated, it appeared upon the trial that of the property so seized by the sheriff and delivered to the plaintiff a part belonged to the plaintiff and a part to the defendant. Assuming that the property was wrongfully commingled by the defendant, he was, under the facts in this case, nevertheless entitled to a return of the property remaining after the claim of the plaintiff was satisfied, and if the property had been disposed of by the plaintiff and return thereof was impossible, the defendant claims that he is entitled to judgment for the value of the property so taken, return of which cannot be made. The judgment was:

"That the plaintiff, *Edward Behling*, do have and recover the possession of the property hereinbefore described as taken from plaintiff's land by the defendant of the value of $181.53, as hereinbefore found, and the balance of the value of $194.17, as heretofore found, is due the defendant from the plaintiff, and that the plaintiff recover six cents damages and $107.19 costs."

The defendant contends that under the doctrine laid down in *Lanyon v. Woodward,* 65 Wis. 543, 27 N. W. 337, he is entitled to judgment for the excess. The plaintiff contends that under *St. Paul B. Co. v. Kemp,* 125 Wis. 138, 103 N. W. 259, the defendant having intermingled the plaintiff's property with his own, the defendant is entitled to have what the judgment gives him, a return of the property, or

where, as here, it has been disposed of, its value, without damages, for its seizure under the writ of replevin. The question of whether or not the defendant was entitled to judgment does not seem to have been considered in *St. Paul B. Co. v. Kemp.* In that case the judgment went for the plaintiff for the whole of the intermingled property, including the defendant's portion thereof. The court says:

"Respondent [plaintiff in replevin] was entitled to the logs seized, and to its full proportion out of the entire quantity of lumber seized, namely, 6,000 feet, and the costs of the action; and appellant was entitled to a return of the excess of the lumber so seized, or, if the lumber could not be returned, to its value, without any damages for the seizure of such excess under the writ of replevin."

Sec. 2888 provides:

"If the property have been delivered to the plaintiff and a defendant claim a return thereof judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same."

The return of the excess of the lumber so seized, referred to in *St. Paul B. Co. v. Kemp,* refers to the return to which the defendant is entitled under the provisions of sec. 2888. The defendant was therefore entitled, it appearing that the property could not be returned, to a judgment for its value, without damages. The matter of costs must be disposed of in accordance with the ruling in *Lanyon v. Woodward, supra.* See, also, *Freed F. & C. Co. v. Sorensen,* 28 Utah, 419, 79 Pac. 564, 107 Am. St. Rep. 731.

The parties having stipulated upon the trial that one of the three lines mentioned was the true line and the jury having found the damages with reference to each of these lines, no useful purpose would be served by a retrial of the question of damages unless the parties should, in the exercise of the court's discretion, be relieved of the stipulation entered into relating to the lines, in which event, of course, the matter of damages would again be thrown open to in-

vestigation.    Upon the return of the record to the circuit court, the court should proceed with a jury trial as to the first question, and upon the determination thereof should render judgment accordingly, leaving that part of the verdict relating to damages undisturbed, excepting under the contingency mentioned.    This procedure is directed under the provisions of sec. 2405m, Stats.    *Knudson v. George,* 157 Wis. 520, 147 N. W. 1003.

*By the Court.*—Judgment reversed, and cause remanded for a new trial according to this opinion.