## Westinghouse Company v. Klump et al.

*Replevin—Practice—Pleading—Rules of court—Costs—Acts of April 19, 1901, and May 14, 1915.*

1. The evidential effect of pleadings in replevin may be brought by a rule of court under the provisions of the General Practice Act, but it is not clear that without a rule of court the Replevin Act of April 19, 1901, P. L. 88, excludes the Practice Act of May 14, 1915, P. L .483.

2. In an action of replevin, by analogy to the Practice Act of May 14, 1915, P. L. 483, all defences which do not go to the merits of the contest should be deemed waived, unless specifically set forth in the affidavit of defence or in some other affidavit duly filed and served within fifteen days after service of the pleading alleged to be technically objectionable.

3. The affidavit of defence is competent to show the admission by defendant of any fact in issue.

4. Where a judgment is rendered against a bailee of a machine, and the machine is sold as the property of the bailee at a sheriff's sale, the purchaser takes only such title as the bailee had, and if the bailee has no title, one who buys the machine from the purchaser at the sale takes no title.

5. In replevin, if the plaintiff, a bailor, recovers the machine replevied, and the defendant is awarded by the verdict the value of certain parts which he had added to it, a judgment should be entered for the plaintiff for the machine, together with costs, and a separate judgment should be entered for defendant and against plaintiff for the value of the parts and costs.

Defendants' rule for judgment *n. o. v.* Plaintiff's rule for apportioning costs. C. P. Crawford Co., Sept. T., 1921, No. 132.

*O. Clare Kent,* for plaintiff.

*Thomas & Thomas* and *C. L. Webb,* for defendants.

PRATHER, P. J., July 31, 1922.—This was an action of replevin to recover a certain threshing machine, styled Westinghouse Thresher No. 3. Plaintiff company, as owner and manufacturer, had leased the same to one Theodore Laondowski. In a separate proceeding, a judgment was entered against the said Laondowski, execution issued thereon, and the sheriff, upon writ of *fieri facias,* sold said machine to one A. F. Bail, who, in turn, sold the same to the defendants herein.

Defendants did not exercise their privilege of filing a property bond, and said thresher, with equipment, was delivered by the sheriff to plaintiff company. Upon the trial of the issue, a verdict resulted in favor of the plaintiff for the machine, and for the defendants for $61, the value of certain items incident to the operation of said machine, which plaintiff claimed and received from the sheriff under said writ, and which the jury found to be the property of said defendants.

Counsel for defendants, in support of their rule, contend that the evidence does not identify the particular machine with the one mentioned in plaintiff's declaration as the property of the plaintiff company.

Upon the question of identity, we think the oral testimony offered was sufficient to sustain the verdict. Aside from this, going to the same subject-matter, there was offered and received in evidence, over *defendants' objection*, the pleadings in the case.

It is urged that the Replevin Act of April 19, 1901, P. L. 88, regulates the practice and effect of the pleadings in replevin, and that the provisions of the General Practice Act of May 14, 1915, P. L. 483, do not apply in such an action. This inference does not arise from the fact that the General Practice Act excludes the subject of replevin from its provisions, but rather from the fact that the Replevin Act specifies the nature of the requisite pleadings in such an action. It is clear that by rule of court the evidential effect of pleadings in replevin might be brought under the provisions of the General Practice Act of 1915. It is not clear that without a rule of court the Replevin Act excludes the General Practice Act.

In Hewitt, Receiver, v. Democratic Pub. Co., 271 Pa. 546, an action in replevin, the Supreme Court, answering the contention that the receiver was not a proper party to bring the action, and referring to technical objections, said: "Indeed, by analogy to the Practice Act of 1915 (P. L. 483), all objections which do not go to the merits of the controversy between the parties of record should be deemed waived, unless specifically set forth in the affidavit of defence or in some other affidavit, duly filed and served within fifteen days after service of the paper or pleading alleged to be technically objectionable."

The affidavit of defence concedes the fact that Laondowski is defendants' source of title, and substantially admits that the machine sold by the sheriff as the property of Laondowski was the same machine leased by plaintiff company to the said Laondowski, and particularly referred to in the lease between plaintiff company and Laondowski, a copy of which was attached to the pleadings. Therefore, independent of the question of applicability of the provisions of the Act of 1915 to this proceeding, the affidavit of defence was competent to show the admission of any fact in issue.

The purchaser of the Westinghouse thresher at sheriff's sale took only such title as Laondowski had thereto. It follows that, if Laondowski had no title, the successive purchasers took no title: Crist v. Kleber et al., 79 Pa. 290; Wells v. Van Dyke, 106 Pa. 111; Cash Register Co. v. Mace, 20 Dist. R. 1053.

It follows that defendants' rule should be discharged. As to costs, it is fair and equitable that they should be apportioned between plaintiff and defendants.

In Shoemaker v. Shoemaker, 4 Dist. R. 398, Rice, P. J., of Luzerne County, held: "Where, in replevin, the goods are delivered to the plaintiff, and on the trial of the issue the jury find in favor of the plaintiff as to some of the articles, and in favor of the defendant, as to others, judgment may be entered on such a verdict: Wright v. Funck, 94 Pa. 26. Each party would be considered as prevailing, and as each would have a judgment for damages, he would also have a judgment for costs: Powell v. Hinsdale, 5 Mass. 343; Clark v. Keith, 9 Ohio, 72; Lanyon v. Woodward, 65 Wis. 543:" 27 N. W. Repr. 337.

It follows that judgment should be entered for plaintiff for the thresher in question, together with costs, and that separate judgment should be entered for the defendants against plaintiff company for $61, together with costs.

Now, July 31, 1922, rule for judgment *n. o. v.* discharged and judgment directed to be entered in favor of plaintiff company for the Westinghouse Thresher No. 3, together with costs, and at the same time judgment is directed to be entered in favor of defendants for $61, together with costs.

From Otto Kohler, Meadville, Pa.