**AMERICAN LUMBER & MFG. CO. v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.**

No. 4334.

Circuit Court of Appeals, Seventh Circuit.

Dec. 17, 1930.

[truncated]

Max H. Strehlow, of Green Bay, Wis., and John V. Norcross, of Chicago, Ill., for appellant.

Charles F. Fawsett and Edmund B. Shea, both of Milwaukee, Wis., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge.

In this appeal there is involved a question of liability under a policy of life insurance issued by appellee upon the life of one of appellant's officers, payable, in case of his death, to appellant.

The policy provided that self-destruction of the insured within one year after date of policy was a risk which appellee did not by the policy assume, and that in case of insured's self-destruction within such year appellee's liability would be limited to the premiums on the policy actually paid.

The trial resulted in a judgment for appellee. The complaint sets out the policy, dated January 31, 1928; the death of insured on December 11, 1928; the amount of the premiums paid, $226.15; and demands payment of the face of the policy, with interest. The answer admits issuance of the policy as alleged, the payment of premiums, and the death of assured on the date stated; but denies liability for the face of the policy on the ground that within one year after issuance of the policy the insured "came to his death by self-destruction and that thereby plaintiff became entitled only to an amount equal to the premiums actually paid in, which amounted to $226.15, and not to the sum of $5,000 as demanded by plaintiff." The answer further states that about January 5, 1929, and again on February 2, 1929, appellee tendered appellant the sum of $226.15, which appellant refused to accept, and that appellee "at all times has been and now is ready and willing to pay said sum to plaintiff upon the surrender of said policy properly released, and that said sum is being held by defendant for and on behalf of plaintiff and subject to its disposal." The answer concludes: "Wherefore defendant demands judgment that the plaintiff be compelled to accept the amounts heretofore tendered by said defendant to the plaintiff as the amounts due on said policies of insured," etc.

By the judgment appellant was denied recovery for any amount, and the only error assigned is that the court failed to direct a verdict for appellant in the sum of $226.15. In the briefs of counsel it is assumed that the verdict as rendered was directed by the court. There is no bill of exceptions, and the record does not disclose such direction—nor even that there was a trial by jury, save as this is stated in a motion for a new trial, wherein one of the assigned reasons is that the court erroneously directed a verdict for appellee. But, in the absence of anything appearing to the contrary, we will assume that the judgment was preceded by a verdict of a jury—and even that the verdict was directed by the court.

In so far as the judgment denied recovery for the face of the policy on the ground of insured's self-destruction within one year, error is neither assigned nor charged—nor could it well be in the absence of a bill of exceptions. Neither is there any controversy over the fact that $226.15 was and is due from appellee to appellant.

Appellant contends that it was entitled to recover in this action the full amount involved, and that for failure to award it the $226.15 the judgment should be reversed and the cause remanded for a new trial. Appellee's insistence is that appellant in its complaint did not state a cause of action for recovery of the premiums paid, and that in this action the amount could not be recovered, and that therefore the judgment was right. But in its brief and argument appellee contends that if this court should find appellant was entitled in this action to judgment for the $226.15, then the cause should not be remanded for a new trial, but this court should enter, or direct to be entered, a judgment in appellant's favor for that amount. Appellant denies the right of this court to direct such judgment, but insists there should be remandment for a new trial on the entire cause of action.

With appellee's contention that under the complaint appellant was not entitled to recover this sum, we do not agree. The complaint is predicated upon the policy, and if under any of its terms there was anything due to appellant, judgment should have been given accordingly. Appellant was not required to frame a statement of cause of ac-

tion predicated upon the theory that insured died from self-destruction within the year. Once it appeared that the insured did die from self-destruction within the year, appellant's right to recover the premium paid was inherent in the policy itself and in the complaint drawn upon it, and a further cause of action was not necessary to be stated to permit this sum to be awarded to appellant. Noble v. Libby, 144 Wis. 632, 129 N. W. 791; Downer v. Tubbs, 152 Wis. 177, 139 N. W. 820. This is emphasized by the answer to the complaint which appellee filed in the District Court asserting the self-destruction within the year and admitting its indebtedness for $226.15, and going yet further by asserting tender and its willingness to pay it. Appellee's admission in the answer of indebtedness to the extent of $226.15 left no issue to be decided respecting so much of appellant's demand.

It follows that appellant's single assignment of error is sustained, and that appellant was entitled to have judgment for that amount. We have then this unique situation: Appellant assigns only the error of failure to give it judgment for $226.15; appellee confesses the error and consents to the entry of a judgment accordingly, but appellant denies the power of this court to cure the admitted alleged error, and insists that the judgment be reversed and the cause remanded for a new trial, with the evident purpose of again litigating other issues in the case which the judgment settled beyond any power of this court now to review.

If under such circumstances this court is not empowered to enter or direct entry of a judgment whereby the error alleged and admitted will be cured, there is woeful want of efficacy in judicial administration. We are satisfied that under this peculiar state of facts this court may enter or direct the entry of such judgment as will cure the only error in the proceedings which appellant asserts, and that in thus doing there is no possible invasion of appellant's right of a trial by jury.

Appellee's alleged tender of payment was not absolute and unconditional, and can avail it nothing in respect to interest and costs.

The judgment of the District Court is reversed, and the cause is remanded to that court with direction to there enter a judgment in favor of appellant for $226.15, with interest at the rate of 6 per cent. per annum from March 20, 1929, and costs of suit; the costs of the appeal to be taxed against appellee.